The State of Ohio, Appellee, *v.* Ellis, Appellant.

(No. 34151—Decided October 23, 1975.)

*Mr. John T. Corrigan*, for appellee.
*Mr. John F. Norton*, for appellant.

Day, J. Arthur Ellis (defendant) was charged with armed robbery. A jury returned a verdict of guilty on August 8, 1974. He appealed assigning as error:

"In a criminal case, the defendant has a right to an 'in camera' inspection by the trial court, with counsel for the defense, to determine the existance (sic) of inconsistencies between the testimony of the prosecution's witnesses and their prior statements.

"This right is not waived by failing to request the inspection immediately upon conclusion of the direct examination of the witnesses, where the request is made while the witness is still on the witness stand for cross-examination."

For reasons assessed below we find the assignment of error well taken but the error harmless. The judgment is affirmed.

I.

The issue on appeal is based on two rulings by the trial court governing defense use on cross-examination of two

statements made to the police by the victim of the robbery. These statements are known to the record as defendant's Exhibits A and B.[1] For some unknown reason these exhibits were not attached to the statement of evidence. However, counsel for both sides stipulated that the record might be augmented by their admission.[2] This enables a decision on the central issue of importance and obviates the necessity of affirmance on the technical ground that the error is not exemplified in the record.

In fact there are two claimed errors although both involve the same principle. Defendant claims[3] that he was shown Exhibit A but noted no inconsistency between that statement of the victim and his testimony until he was into the cross-examination. At that point defendant requested the use of Exhibit A for cross and was refused (Tr. 84-85). The cross also developed the existence of a second statement by the victim to the police. A request for in camera inspection for inconsistencies was refused by the trial court (Tr. 81-82).

Apparently the basis for the refusal was the trial court's interpretation of Crim. R. 16(B)(1)(g). According to the court's reading of the rule, the demand for statements of a witness who is in the process of testifying must come *immediately* upon the conclusion of his direct examination. And if a defense lawyer does not open his cross-examination with inquires about, or demands, for state-

---

[1]Both statements were offered in evidence by the defense and admitted by the court. The ruling on the admission was somewhat ambiguous but, in context, clear enough to justify the conclusion that the court intended admission (Tr. 83).

[2]The stipulated copies are attached to the State's brief and for esoteric reasons, known only to the prosecution, marked "Exhibit 1" and "Exhibit 2." All reference in this opinion to defendant's Exhibit A will indicate "Exhibit 1" and all reference to defendant's Exhibit B will indicate "Exhibit 2."

[3]Defendant's brief reads as though only Exhibit B were involved in the appeal. On oral argument counsel raised an identical issue with respect to Exhibit A. While indicating no approval of this method of making assignments the end result is no different in this case and we notice the assignment not made under the implicit authority vouchsafed by App. R. 12(A).

ments of the witness, the right is foreclosed by waiver. We reject this interpretation.

Well before the promulgation of Rule 16(B),[4] in a discussion of the inspection of witness statements, the Supreme Court of Ohio had said in *State* v. *White* (1968), 15 Ohio St. 2d 146, 157-158:

"In accord with federal procedure, many states do not require a preliminary showing of inconsistency between the contents of the statement and the testimony of the witness at the trial. Id., 225. Others require such a preliminary showing of inconsistency which is essentially impracticable if not impossible. If the defendant does not know of the existence of the evidence or the inconsistencies which it contains, he would not be able to request its production.

"There is, however, another alternative. The defense may request an *in camera* inspection by the court to determine the existence of any inconsistencies.

"By an *in camera* inspection, we mean a review by the court at which counsel for the state and counsel for the defense are present and participating. If the judge determines that inconsistencies exist between the testimony of the witness and his prior statement, and such inconsistencies are of so substantial a nature that the demands of a fair trial and due process require that the defense be permitted to cross-examine the witness as to such inconsistency, the statement should be released to defense counsel.

"* * *

"We hold that defense counsel were entitled to inspect, under the procedure hereinbefore outlined, the written statements . . . , and that the trial court erred in not allowing such inspection."

Crim. R. 16(B)(1)(g)[5] is certainly no contraction of

---

[4]July 1, 1973.

[5]"(g) *In camera inspection of witness' statement.* Upon completion of a witness' direct examination at trial, the court on motion of the defendant shall conduct an in camera inspection of the witness' written or recorded statement with the defense attorney and prosecuting attor-

the principles of the *White* case. At very least it expands and clarifies that case. Moreover, the criminal rules are designed "to provide for the just determination of every criminal proceeding." Crim. R. 1(B).

The court below clamped the rigid meaning "immediately" upon the portion of Crim. R. 16(B)(1)(g) which reads, "Upon completion of a witness' direct examination at trial, the court on motion of the defendant shall conduct an in camera inspection. . . ." Such arctic administration of the right does not comport with the objectives of just determination. We hold that whether a defendant's inquiry discloses the existence of a witness statement *immediately* upon the completion of the direct examination or *at any other time* during the cross-examination, he is entitled to the benefits of Crim. R. 16(B)(1)(g).

However, we have compared Exhibits A and B in connection with the victim's testimony. We find that any inconsistency between Exhibit A and his testimony on trial is so inconsequential that any error in not allowing re-examination on cross was harmless. The comparison shows no inconsistency between Exhibit B and the victim's testimony.

Under such circumstances the errors in applying Crim. R. 16(B)(1) (g) did not result in the suppression of evidence which would affect the outcome of the case. The errors were harmless.

*Judgment affirmed.*

KRENZLER, C. J., MANOS, J., concur.

---

ney present and participating, to determine the existence of inconsistencies, if any, between the testimony of such witness and the prior statement.

"If the court determines that inconsistencies exist, the statement shall be given to the defense attorney for use in cross-examination of the witness as to the inconsistencies.

"If the court determines that inconsistencies do not exist the statement shall not be given to the defense attorney and he shall not be permitted to cross-examine or comment thereon.

"Whenever the defense attorney is not given the entire statement, it shall be preserved in the records of the court to be made available to the appellate court in the event of an appeal."